IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL HIMEBAUGH,

   Plaintiff,

 v.

GUY HALL, and SGT. HAYWARD,

   Defendants.

Civil No. 07-6330-AS

ORDER TO DISMISS

KING, Judge.

  Plaintiff, a former inmate at Twin Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff alleges Defendant Hayward confiscated Plaintiff's television set and failed to return it upon Plaintiff's transfer out of the institution. Plaintiff does not allege personal involvement by Defendant Hall in the alleged confiscation or refusal to return the television. By way of relief, Plaintiff seeks $4 million.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B)  the action . . .

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69,

2 - ORDER TO DISMISS -

73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

3 - ORDER TO DISMISS -

**DISCUSSION**

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992), cert. denied, 508 U.S. 951 (1993); Lopez, 939 F.2d at 883; Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989), cert. denied, 493 U.S. 1056 (1990).

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Moreover, prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of a prisoner's property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). Negligent or unauthorized intentional deprivations of property by a state employee, however, do not "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

4 - ORDER TO DISMISS -

Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation of his television set was authorized or unauthorized. Further, in the event that the seizure was authorized and therefore actionable under § 1983, Plaintiff has not alleged any facts suggesting that he was deprived of due process. As long as Plaintiff was provided with process, prison officials may deprive him of his property.

Finally, Plaintiff does not allege personal involvement by Defendant Hall in the alleged deprivation of his property. As such, Plaintiff fails to state a claim against Defendant Hall upon which relief may be granted. See Monell v. New York City Dep't. of Social Services, 436 U.S. 658, 691-94 (1978) (it is well established that § 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted

above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 24th day of January, 2008.

                                           /s/ Garr M. King
                                           Garr M. King
                                           United States District Judge